Nicholson, C. J.,
delivered the opinion of the Court.
On the 11th of September,* 1867, a Justice of the Peace of Shelby county rendered a judgment, on motion, in a case in which G. R. Wynne, executor, was plaintiff and John W. Taylor, constable, and G. Schrce-der, security, were. defendants. The judgment was as follows:
“In this cause it appearing to me that defendant J. W. Taylor, as constable, did on the 27th day of October, 1859, on an execution in his hands in favor *692 •of - A. S. Wynne v. W. S. Wells and E. Brooks and W. P. Lewis, stayor, collect of defendants $181.80, and lias failed to pay the same over to plaintiff, and that defendant J. W. Taylor has had five days notice of this motion, and that $85 interest has accrued. It is therefore considered by me, that plaintiff recover of defendant J. W. Taylor and Geo. Schroeder, his surety on his official bond, $249 and costs.”
On the 21st of November, 1867, a scire facias was issued by the Justice of the Peace to revive the judgment against Caroline Schroeder, administratrix of Geo. Schroeder, dec’d. Upon the return of the sci. fa., the administratix resisted the revivor, but the judgment was revived on the 4th of December, 1867. From this judgment she appealed to the Circuit Court, where the same was quashed, and thereupon plaintiff appealed in error to this Court.
The question is, whether the recitals in the judgment rendered by the Justice of the Peace, were sufficient to sustain the judgment? If the judgment was void, the question can be as well made on a motion "to quash in this proceeding, as if it had been presented upon appeal. It is only in cases where judgments are erroneous.' or voidable, that they can not be collaterally attacked, but wherever the judgment is absolutely void, for want of jurisdiction, the question can be properly made.
It is not denied, that according to the case of Burt v. Davidson, 5 Hum., 425, the judgment before us is absolutely void.
In that case the judgment' recited, amongst other *693 things, “that it is considered by the Court that Willis Burt recover of the said James Davidson, and John Adkins and S. H. Lockey, his sureties, the said sum,” etc., “is not such a statement of the fact of their suretyship as this Court has uniformly held to be necessary.”
In the case at bar, the fact of the suretyship of Sehrceder nowhere appears in the recitals of the judgment, but, as in the case of Burt v. Davidson, it only appears in the judgment itself. It is insisted, that the decision in that case ought now to be reconsidered and departed from. It is not said that the case has been overruled, or that anything in the Code has expressly changed the law as ruled in that case, but cases have been cited in the argument and a section in the Code has been cited, from which it is argued, that the authority of the case of Burt v. Davidson, has been shaken. After looking to the cases and examining the section in the Code referred to, we are unable to concur in the argument. Nor do we see how the decision could be otherwise, without overturning a principle firmly settled by a long train of adjudications. The principle is, that in summary proceedings, as well before Justices of the Peace, as before Courts of Record, every fact which is necessary to give the Court jurisdiction and to authorize the judgment, must be set out in the judgment as having been made to appear.
It will be observed, that according to the recitals of the record, notice of the motion was given to Taylor but none to Sehrceder. To give the Court *694 jurisdiction as to Schroeder, it was essential that the record should show, that Taylor was constable, and that Schroeder was surety on his bond. Upon the plainest principles of law as applicable to judgments in summary proceedings, the omission to recite the fact on which the jurisdiction depended was fatal, and makes the judgment void. No intendment, by presumption, can supply such an omission, either in a summary proceeding before a Justice, or in a Court of Record. The judgment below is affirmed.